## STATE *v.* HANNAH, a Slave.

Slaves have no rights guaranteed to them by the Constitution of this State ; and it is competent for
the Legislature to create such special tribunals as they may deem necessary for the trial of
offences committed by them.

Voluntary confessions, made by the slave to his master, may be used on a criminal charge against
the slave.

The dying declarations of the deceased may be given in evidence against a person charged with his
manslaughter.

APPEAL from a tribunal composed of a Justice of the Peace and ten free-
holders of the Parish of Lafourche. *Roman*, District Attorney, for the
State. *Hall & Bush*, for accused and appellant.

OGDEN, J. The accused was tried and convicted of the crime of manslaugh-
ter, by a tribunal composed of two Justices of the Peace and ten freeholders.
She was sentenced to imprisonment in the penitentiary at hard labor for life,
and on appeal to this court, her counsel relies for reversal of the judgment on
three bills of exception in the record.

The first exception was taken to the competency of the tribunal, on the
ground of its not being organized agreeably to the Constitution, which requires
that the Judges shall be elected by the people.

In the case of the *State* v. *Slaves Lethe, Biner, Hal and Chloe*, 9 An. 182, we
recognize the power of granting new trials as resting in the discretion of the
Justices who preside over the trial of slaves. The freeholders do not act as
judges, but as jurors summoned by the Justices of the Peace who, alone, exer-
cise the proper functions of judges. Were it otherwise, we are of opinion that
there is no restriction in Constitution on the power of the Legislature to create
such special tribunals as they may deem necessary for the trial of offences com-
mitted by slaves, who have no rights guaranteed to them by the Constitution.

The next objection was taken to the admission in evidence of the confessions

STATE
v.
HANNAH.

of the accused made to her master's son, under whose charge and authority the slave was, during the absence of her master. It is contended, that a confession to one having the power of a master, is not of that voluntary character which the law requires to render such confession evidence against the accused. As it is shown affirmatively that no inducements or promises were held out to induce the confession, and that neither threats nor violence were used to extort it, it must be considered as entirely voluntary. The proposition seems to us inadmissible, that the relation of the master to his slave is such, as to render objectionable, evidence of that character. On the contrary, as it is alike the interest and the duty of the master to protect and defend his slaves, confessions made to the master and voluntarily deposed to by him, ought to have the highest moral weight as evidence. We do not understand the case referred to of the *State* v. *Christy*, 2 Dreux's N. C. Reports, as establishing a different principle. There may be, no doubt, cases where the confession having been made in referrence to the defence to be made for the slave, it ought to be received and weighed with great caution, but to exclude entirely confessions made to the master on the ground of his relation to the accused, is not required by any motive of justice or humanity to the slave, and is opposed to sound reason and public policy.

The prisoner's counsel urges, as the last objection, that the declaration of the slave, whose decease was proven, was improperly received in evidence. As a question of law, we have no hesitation in deciding that the dying declarations of the deceased were admissible as evidence.

The judgment of the Court below is therefore affirmed, with costs.